FILED
FEBRUARY 12, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OPTIONMONSTER HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DELICIOUS MONSTER, LLC, <br><br> Defendant. | No. <br><br> **08 C 894** <br><br> **JUDGE GUZMAN** <br> **MAGISTRATE JUDGE BROWN** |

## COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

Plaintiff OptionMonster Holdings, Inc. ("OptionMonster") by and through its attorneys, Kelley Drye & Warren LLP, for its Complaint against Defendant, Delicious Monster LLC ("Delicious Monster"), hereby alleges, upon personal knowledge as to its own acts and upon information and belief as to all other acts, as follows:

### PARTIES

1. Plaintiff, OptionMonster Holdings, Inc., is and at all times herein mentioned has been a Delaware corporation with its principal place of business located at 175 W. Jackson Blvd., Suite 200, Chicago, IL 60604.

2. Defendant Delicious Monster, LLC, is a Washington limited liability company with its principal place of business located at 6252 34th Avenue NE, Seattle, Washington, 98115-7311.

### JURISDICTION AND VENUE

3. Jurisdiction in proper in this court because this litigation arises under federal law, namely 15 U.S.C. §1051 *et seq.* (Lanham Act). The court has jurisdiction over this action under

28 U.S.C. §1331 (federal question), 28 U.S.C. §1338(a) (trademarks) and 28 U.S.C. §2201 (Declaratory Judgment Act).

4. This court had personal jurisdiction over Delicious Monster because Delicious Monster transacts business in the State of Illinois and this District through the operation of their interactive Internet website, including sales of its products and services to Illinois residents.

5. Venue is proper in this District under 28 U.S.C. §§1391(b) and 1391(c).

6. An actual case in controversy has arisen between the parties. Delicious Monster has threatened litigation against OptionMonster, and had asserted that Option Monster's use of its design/logo on its website constitutes trademark and copyright infringement. These statements threaten injury to OptionMonster.

## FACTS

7. Plaintiff, OptionMonster, is a financial firm founded in August, 2005, by leading players in the trading industry representing more than 140 years of experience in trading, market making, financial commentary, corporate finance and investment technology.

8. Through OptionMonster's website (located at www.optionmonster.com), OptionMonster provides investors with a fast, easy-to-use Internet site designed to meet all their requirements for news, market research, and information on stocks and options.

9. OptionMonster's website contains links to news from around the world, including information and specific tools for stocks and options, research, and education which allows users to quickly and efficiently access any type of financial information from the Internet from hundreds of websites.

10. OptionMonster has been using the mark OPTIONMONSTER in the on-line trading business since 2005

11. OptionMonster has filed applications to register OPTIONMONSTER and OM design in several classes concurrently.

12. The following sets forth the status of all filings/registrations with the USPTO with regard to the various OptionMonster Marks relevant to the monster logo design at issue:

**OPTIONMONSTER HOLDINGS, INC.
TRADEMARKS**

| Mark | Serial No. | Filing/Registration Date | Class and Description | Status |
|---|---|---|---|---|
| OPTIONMONSTER (Standard Character Mark) | 78704448 | 8/31/05 (filing) 2/13/07 (registration) | IC 036. US 100 101 102. Goods & Services: Securities trading and investing services via the Internet. | Registration No. 3209746 |
| OM (Design Plus Words, Letters, and/or Numbers) | 78954297 | 8/17/06 | IC 009. US 021 023 026 036 038. Goods & Services: Pre-recorded DVDs featuring training courses for stocks, options and futures. | Allowance issued 1/15/08 |
| OM (Design Plus Words, Letters, and/or Numbers) | 78954264 | 8/17/06 | IC 036. US 100 101 102. Goods & Services: Security trading for others via the Internet; providing for the exchange of securities via the Internet; financial investment via the Internet in the field of securities; financial services, namely, providing investment advice, analysis, | Allowance issued 1/15/08 |

| Mark | Serial No. | Filing/Registration Date | Class and Description | Status |
|---|---|---|---|---|
| | | | consultation, and research via the Internet. | |
| OM (Design Plus Words, Letters, and/or Numbers) | 78954256 | 8/17/06 | IC 041. US 100 101 107. Goods & Services: Educational services, namely providing webcast training courses concerning the fields of stocks, options and futures investment strategies; providing interactive training programs in the nature of Internet training courses concerning stocks, options and futures; and publishing of books. | Allowance issued 1/15/08 |
| OM (Design Plus Words, Letters, and/or Numbers) | 78954266 | 8/17/06 | IC 016. US 002 005 022 023 029 037 038 050. Goods & Services: Printed training course materials in the fields of stocks, options and futures investment strategies. | Allowance issued 1/01/08 |

Copies of the USPTO histories for the forgoing marks are attached hereto as group Exhibit A.

13. Delicious Monster filed its applications for the marks DELICIOUS MONSTER and DELICIOUS LIBRARY on October 9 and 10, 2006, respectively (the "Delicious Marks"). No registrations have been granted and the Delicious Marks have not been published for opposition un relevant der either application. Both applications are for the standard character marks and neither includes any design features. Delicious Monster did not file an application to register its creature logo design concurrently with the foregoing applications.

14. Delicious Monster has no federal trademark or copyright registration for its creature logo design or art.

15. Delicious Monster's goods and services are describe in its USPTO filings as "computer software for creating a searchable on-line catalogue of information relating to physical items, that may be downloaded from a global computer network."

16. Delicious Monster and OptionMonster do not provide the same or similar goods and services via their respective websites and are not targeted to the same type of customers.

## THE CURRENT DISPUTE

17. On February 1, 2008, OptionMonster received a letter from Rebecca S. Ashbaugh, counsel to Delicious Monster. A copy of that letter is attached hereto as Exhibit B. Ms. Ashbaugh claimed that the monster logo displayed on OptionMonster's website was a copy of Delicious Monster's creature logo, which is "protected under copyright and trademark laws." Ms. Ashbaugh claimed that "optionMONSTER is presently and has been infringing on my client's legal right to its logo..[and] is likely to cause confusion among consumers…" Ms. Ashbaugh demanded that OptionMonster (1) remove the creature logo from its website; (2) stop using the creature logo, or any derivative thereof, in association with any of its goods and services; and (3) confirm that it will not use the creature logo, or any derivative thereof, in

association with any of its goods or services as any time on the future. Ms. Ashbaugh concluded that if she did not receive written confirmation that OptionMonster had agreed to the foregoing requests, "Delicious Monster may be forced to file a lawsuit against you for copyright and trademark infringement and ask for its damages."

18. On February 7, 2008, Caroline C. Plater, counsel to OptionMonster, responded to Ms. Ashbaugh letter, denying any infringement existed between OptionMonster and Delicious Monster, while setting forth various substantive bases on which there was and could be no infringement in this instant case. A copy of that letter is attached hereto as Exhibit C.

## CLAIMS FOR RELIEF

### (Declaratory Judgment of Non-Infringement of Trademarks and Copyrights, 15 U.S.C. §1051 et seq.)

19. OptionMonster incorporates by reference the allegations contained in paragraphs 1 through 17, inclusive.

20. Delicious Monster had claimed that OptionMonster's creature logo constitutes trademark and copyright infringement and has threatened to bring a lawsuit against OptionMonster on those bases.

21. An actual, present and justicable controversy has arisen between OptionMonster and Delicious Monster concerning OptionMonster's creature logo.

22. OptionMonster seeks a declaratory judgment from this court that its creature logo does not constitute trademark or copyright infringement of the Delicious Monster creature logo.

## PRAYER FOR RELIEF

WHEREFORE, OptionMonster respectfully requests that the court:

(a) Enter judgment according to the declaratory relief sought;

  (b)  Award OptionMonster is costs in this action; and

  (c)  Enter such other and further relief to which OptionMonster may be entitled as a matter of law or equity, or which the court deems just or proper.

Dated: February 12, 2008

                  _____
                  One of the Attorneys for Plaintiff,
                  OptionMonster Holdings, Inc.

Timothy R. Lavender
Caroline C. Plater (#6256076)
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Suite 2600
Chicago, IL 60606
(312) 857-7070