**Exhibit C**

**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

333 WEST WACKER DRIVE

SUITE 2600

CHICAGO, ILLINOIS 60606

(312) 857-7070

NEW YORK, NY

WASHINGTON, DC

TYSONS CORNER, VA

STAMFORD, CT

PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

FACSIMILE

(312) 857-7095

www.kelleydrye.com

DIRECT LINE: (312) 857-2501

EMAIL: cplater@kelleydrye.com

February 7, 2008

**VIA FACSIMILE & VIA E-MAIL**

Rebecca S. Ashbaugh
Stanislaw Ashbaugh
Columbia Center
701 Fifth Avenue, Suite 4400
Seattle, WA 98104

Re: *OptionMonster Holdings, Inc.'s Response to Delicious Monster Cease and Desist Letter*

Dear Ms. Ashbaugh:

This will serve as OptionMonster Holdings, Inc.'s ("OptionMonster") response to points raised by you in your letter dated February 1, 2008 and email dated February 6, 2008, both addressed to Timothy Lavender of my firm.

First, we dispute and deny your allegations of trademark and copyright infringement with regard to the creature logo that appears on OptionMonster's website, as compared to the logo used by your client. We continue to investigate these claims.

Second, though you have cautioned Mr. Lavender that you would like a substantive response to your letter and not merely a request for information from your client, we simply cannot provide a complete and substantive response without requesting some additional information from your client. Specifically, we request evidence of all federal trademark and copyright registrations, applications, notices, intent to use applications or assignments of the same, as well as evidence of first use, regarding your client's creature logo. Currently, we have found nothing to suggest that your client has any federal trademark or copyright protection for the creature logo and therefore we must have some further support for your claims of priority.

Third, a search of the USPTO trademark and copyright registries shows that OptionMonster filed its registration application for its design and words on August 17, 2006, prior to your client's filing of its registration of its written trademarks - which did not include

KELLEY DRYE & WARREN LLP

Rebecca Ashbaugh
February 7, 2008
Page Two

any design featuring your client's creature logo.  A proper search of the USPTO registries at the time of your client's trademark filings should have revealed the OptionMonster design that is in dispute.  Yet, your client did nothing about it until last week.

Fourth, the identical "channels of commerce" that you claim our clients' deliver their goods and/or services (referenced in your email) appears to refer to the fact that both of our clients provide products and/or services via the internet.  Given the extraordinarily broad scope of the internet, the fact that both our clients have websites on the internet is not a relevant criteria for purposes of any infringement analysis.  As you are well aware, our respective clients do not sell or offer the same or similar class or type of services and/or products via the internet.  Simply put, we are in different businesses altogether.

Fifth, given the separate and distinct businesses of our clients and given that this is not a store shelf situation, the likelihood of any meaningful consumer confusion is slim.  For example, a customer looking for your client's products and/or services who mistakenly arrives at OptionMonster's website will not be a lost customer for your client because we do not offer the same or any remotely similar products or services.  Any initial confusion that any customer could possibly experience is readily corrected upon reading the first line of text on the website.  You mentioned to Mr. Lavender that you have evidence of actual consumer confusion.  Please provide more details regarding this claim.

We look forward to resolving this dispute amicably.  However, we are unable to provide a thorough evaluation of your claims without the further information requested herein. Please feel free to contact me or Mr. Lavender if you wish to discuss this matter further.

Sincerely,

Caroline C. Plater

CCP:ccp

CH01/PLATC/227821.1