**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| OPTIONMONSTER HOLDINGS, INC., | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:08-cv-00894 |
| | ) | |
| DELICIOUS MONSTER, LLC, | ) | Honorable Ronald A. Guzman |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DECLARATION OF REBECCA S. ASHBAUGH

I, Rebecca S. Ashbaugh, hereby make the following declaration:

1.    I make this declaration in support of defendant Delicious Monster, LLC's ("Delicious Monster") Motion to Dismiss. I am of legal age and am competent to testify to the matters contained herein. If called to do so, I would testify as to their truthfulness. I have personal knowledge of the facts contained in this declaration.

2.    I am an attorney with the law firm of Stanislaw Ashbaugh, LLP, Delicious Monster's co-counsel in this matter. I am licensed to practice law in the State of Washington.

3.    A true and correct copy of a page printed from www.optionmonster.com is attached as Exhibit A.

4.    After receiving no substantive response from OptionMonster in response to Mr. Shipley's December 2, 2007 e-mail, I then sent a letter to OptionMonster's registered agent Tim Lavender of Kelley Drye & Warren demanding that OptionMonster cease and

desist its infringing activities on February 1, 2008. A true and correct copy of my letter is attached as Exhibit B.

5.    On Wednesday, February 6, 2008, after receiving a voice mail from Mr. Lavender, I called him back and discussed the situation. At no time during the conversation did Mr. Lavender ever mention filing a lawsuit. I then sent Mr. Lavender a follow-up e-mail, in which I reiterated Delicious Monster's hope that this matter could be settled without litigation. A true and correct copy of my e-mail is attached as Exhibit C.

6.    On Thursday, February 7, 2008, Caroline C. Plater, also an attorney at Kelley Drye & Warren, sent me a letter requesting several categories of information. A true and correct copy of the letter is attached as Exhibit D.

7.    The next day Ms. Plater left me a voicemail to follow-up on her letter and to touch base as to the timing of a response. At no point during the voicemail or at *any* other time did Ms. Plater in any way mention filing a lawsuit.

8.    On Tuesday, February 12, before I had time to assemble the information requested by Ms. Plater, this lawsuit was filed, and Ms. Plater e-mailed me a copy of the pleadings. A true and correct copy of the e-mail, minus the attachments, is attached as Exhibit E.

9.    Once I received Exhibit E, Delicious Monster realized this matter could not be settled without litigation, and commenced a lawsuit for copyright and trademark infringement on February 22 in the United States District Court for the Western District of Washington. A true and correct copy of the Complaint filed is attached as Exhibit F.

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: March 10ᵗʰ, 2008

Rebecca S. Ashbaugh

**INDEX TO EXHIBITS**

Exhibit A:      Page printed from www.optionmonster.com

Exhibit B:      February 1, 2008 demand letter from Rebecca Ashbaugh to OptionMonster's
registered agent, Tim Lavender

Exhibit C:      February 6, 2008 e-mail from Rebecca Ashbaugh to Tim Lavender

Exhibit D:      February 7, 2008 letter from Caroline Plater to Rebecca Ashbaugh

Exhibit E:      February 12, 2008 e-mail from Caroline Plater to Rebecca Ashbaugh, minus
the referenced attachments

**EXHIBIT A**



**Trader's News    Webcasts    Quotes & Charts    Markets    Tools & Resources    In**

optionMONSTER™ is a leading provider of market intelligence and analytical commentary on the optio
Our vision is to empower retail traders by narrowing the information gap between individuals and profe
Founded in 2006 and based in Chicago, the heart of the options industry, optionMONSTER™'s unique p
marries high-tech analysis of the day's market activity to the traditional floor trader's savvy. We deliver a
of subscription products, educational resources, and free content to our base of paying clients and regist
specialize in spotting unusual trading opportunities before others have even spotted the trend. Our leade
begins with two highly regarded trading professionals, Pete and Jon ('DRJ') Najarian, and includes seas
executives from the fields of banking, finance, and online media.

## Leadership

**Jon 'DRJ' Najarian** is a professional investor, noted media analyst and speaker, and cofounder of
optionMONSTER™. Following a brief stint as a Chicago Bears linebacker, Jon launched his financial ca
Chicago Board Options Exchange (CBOE) in 1981, trading in the pits for some 25 years. In 1989 he foun
Trading, running the company for 15 years until 2004, when he sold his floor-trading operations to Cita
world's largest hedge funds. More recently, Jon - often known after his CBOE floor call letters 'DRJ' - ha
and patented trading applications used to identify unusual activity in stock, options, and futures market
HeatSeeker™ program, which uncovers extraordinary buying patterns from among the 120,000 quotes
stream from America's stock, options, and futures exchanges. In addition to optionMONSTER.com, Jon
analysis is widely cited by leading financial media including the Wall Street Journal, Reuters, Bloomber
FOX News Channel, CBS Radio, and CNBC. He appears daily on First Business Television, a business ne
hosts a CBS Radio show, and webcasts twice daily on CBOE-TV.

**Pete Najarian** is a professional investor, noted media analyst, and cofounder of optionMONSTER™. A
career that included several seasons with the NFL's Tampa Bay Buccaneers and Minnesota Vikings, Pete
trading in 1992 at Mercury Trading. Two years later, he assumed responsibility for Mercury's risk and a
later led its entry onto the New York Stock Exchange (NYSE). He also led Mercury's joint venture with M
the third largest specialist firm on the NYSE. From 2000 to 2004, he served as president of Mercury, an
execute its sale to Citadel, one of the world's largest hedge funds. He is the co-founder of Hedgehog stoc
futures trading platform and together with brother Jon ('DRJ'), co-developer of the HeatSeeker™ and co
programs for tracking unusual buying activity in stocks, options, and futures. Pete is a cast member of C
'Fast Money' program.

**Dirk Mueller-Ingrand** is a cofounder and chief executive of optionMONSTER™. With a background
20 years' experience in global banking, corporate finance, and technology, Dirk has previously co-founde
served as chief executive of several startup companies. An active investor, he is executive chairman of LT
based consultancy focused on the financial services industry. Dirk's career also includes representing a r
investor in public shareholder disputes.

**Kurt Oeler** is vice president and general manager of optionMONSTER.com. Previously he was night ed
director of editorial operations at CNET News.com, an award-winning technology news service, before s
management consulting practice in online media. He sits on the Advisory Board of Knowledge@Wharto
University of Pennsylvania's business review, and keeps up with one of his favorite sports at Gainline.us

**Mike Bourdos** is account executive extraordinaire. Mike worked as a loan officer in the mortgage busi moving into consumer banking as a branch manager. A longtime options trader, Mike helped Jon and P InsideOptions™ service in 2003 and is responsible for all aspects of trader support.

**Michael Graf** is manager of business development. Michael joined optionMONSTER™ from Sapient, marketing and technology consultancy, where he specialized in financial services practice. Prior to Sapie served as vice president for business development activities at Web Street, an online brokerage firm that E*Trade. Michael began his career in the financial services industry as a full-service broker.

**Dave Dahl** is vice president of global technology. Most recently he was chief technology officer for Spri provides hosted content management services for businesses. Previously he was vice president at Orbitz online travel provider's software development for third parties such Northwest Airlines and American A been principal architect with Neoglyphics/Zefer, a technology and design consulting firm, a senior cons Accenture, and a senior programmer with Nortel.

**Using optionMONSTER.com**

We're obliged to tell you, in case you don't already know, that the content on this site is for educational informational purposes only, and never constitutes a recommendation to enter in any of the securities tr to engage in any of the investment strategies presented in such content. Also, for reference purposes we sites because that's how the web should work, but we have no control over these sites and their presence imply any association with or any endorsement or approval of the services, merchandise, materials or cc available from or on these sites.

Before using this site, please carefully read our Terms of Use and Privacy Policy. Something wrong? Son like? Let us know. Or call us at 801/ 293 9667.

optionMONSTER™ is based in Chicago, Illinois. We're hiring software developers and product manager you'd like to work here, email us and tell us why.

# As Seen in...

  

 

 

Terms of Use ¦ Privacy Policy ¦ Careers ¦ About Us ¦ S

Options Data for Thermal Imaging™ provided by Wolverine Trading Technology, LLC. Market Data
All data delayed 15 to 20 minutes unless otherwise in

Copyright © 2008 optionMONSTER Holdings. All Right

**EXHIBIT B**

COLUMBIA CENTER | 701 FIFTH AVE. | SUITE 4400 | SEATTLE WA 98104
T. 206.386.5900 | F. 206.344.7400 | WWW.LAWASRESULTS.COM

REBECCA S. ASHBAUGH
BASHBAUGH@LAWASRESULTS.COM



Stanislaw Ashbaugh
LAW AS RESULTS


February 1, 2008


VIA EMAIL AND FIRST CLASS MAIL

Timothy R. Lavender
OPTIONMONSTER HOLDINGS, INC.
OPTIONMONSTER MEDIA, LLC
175 W Jackson Blvd, Suite 200
Chicago, IL 60604


RE:     OptionMonster's Trademark and Copyright Infringement


Dear Mr. Lavender:

This firm represents Delicious Monster Software, LLC ("Delicious Monster"). I am writing in regard to the creature logo that appears on optionMONSTER's website, which is a clear copy of my client's creature logo. Delicious Monster demands that you immediately stop using the creature logo on your website and all other corporate materials.

Delicious Monster's creature logo was custom created in 2004 specifically for Delicious Monster by Christopher Masciocchi, a famous graphic artist. Since 2004, Delicious Monster has been continuously using this logo to identify its products and services. The creature logo is protected under copyright and trademark laws. My client's logo can be viewed at www.delicious-monster.com.

OptionMONSTER is presently and has been infringing my client's legal rights to its logo. The creature used by optionMONSTER is likely to cause confusion among consumers and the image is nearly identical to that of Delicious Monster's fanciful logo. Making minor changes or additions of little substance to a pre-existing work does not qualify the work as a new creation.

On behalf of Delicious Monster, I demand that you immediately remove the offending mark from your website and all corporate materials and cease using it to represent your company in any way. Please send me written confirmation that:

(1) You have removed the creature logo from your website;
(2) You have stopped using the creature logo, or any derivative thereof, in association with any of your goods or services; and
(3) You will not at any time in the future use the creature logo, or any derivative thereof, in association with any of your goods or services.

We believe in law as it should be . . . . . . . . .

Timothy R. Lavender
February 1, 2008
Page 2

We look forward to resolving this dispute amicably and without resort to further legal action. However, if I have not received your written confirmation by February 6, 2008, Delicious Monster may be forced to file a lawsuit against you for copyright and trademark infringement and ask for its damages. I look forward to your timely response.

Sincerely,

Rebecca S. Ashbaugh

**EXHIBIT C**

---

**From:** Becki Ashbaugh
**Sent:** Wednesday, February 06, 2008 3:57 PM
**To:** 'Tim Lavender'
**Subject:** RE: Calls

Mr. Lavender:

I'm assuming your email was sent before our conversation of today's date. During our conversation, you indicated that you will be sending me a letter tomorrow in response to my initial letter regarding optionMonster's trademark and copyright infringement. I would hope that your letter does not simply request information from my client but rather responds to my letter and provides the requested written confirmation or sets forth the grounds, if any, on which optionMonster is defending its infringement.

As you stated on the phone, optionMonster is planning on expanding its products and services in the near future to include downloads and obviously the channels of commerce delivering our clients' goods and services are identical. During our conversation you stated that your client's logo was based on the green, one-eyed monster from the Pixar movies Monsters, Inc. The optionMonster logo looks nothing like that creature. Rather, by comparing our clients' logos, it is obvious optionMonster's creature is a copy of my client's.

My client is very invested in its creature as it has spent substantial time and money developing this logo. Delicious Monster is a very famous company in the software and internet community and uses the creature logo to identify its services and products. The logo is very important to my client and it is committed to defending and protecting its rights. I look forward to your response and hope to resolve these issues as soon as possible. If you would like to discuss any of these issues further, please give me a call.

Sincerely,
Becki Ashbaugh

**REBECCA S. ASHBAUGH | LAWYER**

COLUMBIA CENTER | 701 FIFTH AVE | SUITE 4400 | SEATTLE, WA 98104
T. 206.386.5900 | F. 206.344.7400

WWW.LAWASRESULTS.COM

CONFIDENTIALITY: If you have received this email in error please reply to me and delete your copy immediately as this email may contain attorney-client privileged and/or confidential information which should not be reproduced or distributed in any way.

NOTE: This communication is not intended or written by Stanislaw Ashbaugh LLP to be used, and it may not be used by you or any other person or entity, for the purpose of (1) avoiding any penalties that may be imposed on you or any other person or entity under the United States Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein. This notice is issued pursuant to Treasury Department Circular 230.

3/13/2008

**EXHIBIT D**

KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

333 WEST WACKER DRIVE

SUITE 2600

CHICAGO, ILLINOIS 60606

————

(312) 857-7070

NEW YORK, NY

WASHINGTON, DC

TYSONS CORNER, VA

STAMFORD, CT

PARSIPPANY, NJ

————

BRUSSELS, BELGIUM

————

AFFILIATE OFFICES

MUMBAI, INDIA

FACSIMILE

(312) 857-7095

www.kelleydrye.com

DIRECT LINE: (312) 857-2501

EMAIL: cplaler@kelleydrye.com

February 7, 2008

**Via Facsimile & Via E-Mail**

Rebecca S. Ashbaugh
Stanislaw Ashbaugh
Columbia Center
701 Fifth Avenue, Suite 4400
Seattle, WA 98104

Re:    *OptionMonster Holdings, Inc.'s Response to Delicious Monster Cease and Desist Letter*

Dear Ms. Ashbaugh:

This will serve as OptionMonster Holdings, Inc.'s ("OptionMonster") response to points raised by you in your letter dated February 1, 2008 and email dated February 6, 2008, both addressed to Timothy Lavender of my firm.

First, we dispute and deny your allegations of trademark and copyright infringement with regard to the creature logo that appears on OptionMonster's website, as compared to the logo used by your client. We continue to investigate these claims.

Second, though you have cautioned Mr. Lavender that you would like a substantive response to your letter and not merely a request for information from your client, we simply cannot provide a complete and substantive response without requesting some additional information from your client. Specifically, we request evidence of all federal trademark and copyright registrations, applications, notices, intent to use applications or assignments of the same, as well as evidence of first use, regarding your client's creature logo. Currently, we have found nothing to suggest that your client has any federal trademark or copyright protection for the creature logo and therefore we must have some further support for your claims of priority.

Third, a search of the USPTO trademark and copyright registries shows that OptionMonster filed its registration application for its design and words on August 17, 2006, prior to your client's filing of its registration of its written trademarks - which did not include

KELLEY DRYE & WARREN LLP

Rebecca Ashbaugh
February 7, 2008
Page Two

any design featuring your client's creature logo.  A proper search of the USPTO registries at the time of your client's trademark filings should have revealed the OptionMonster design that is in dispute.  Yet, your client did nothing about it until last week.

   Fourth, the identical "channels of commerce" that you claim our clients' deliver their goods and/or services (referenced in your email) appears to refer to the fact that both of our clients provide products and/or services via the internet.  Given the extraordinarily broad scope of the internet, the fact that both our clients have websites on the internet is not a relevant criteria for purposes of any infringement analysis.  As you are well aware, our respective clients do not sell or offer the same or similar class or type of services and/or products via the internet.  Simply put, we are in different businesses altogether.

   Fifth, given the separate and distinct businesses of our clients and given that this is not a store shelf situation, the likelihood of any meaningful consumer confusion is slim.  For example, a customer looking for your client's products and/or services who mistakenly arrives at OptionMonster's website will not be a lost customer for your client because we do not offer the same or any remotely similar products or services.  Any initial confusion that any customer could possibly experience is readily corrected upon reading the first line of text on the website.  You mentioned to Mr. Lavender that you have evidence of actual consumer confusion.  Please provide more details regarding this claim.

   We look forward to resolving this dispute amicably.  However, we are unable to provide a thorough evaluation of your claims without the further information requested herein.  Please feel free to contact me or Mr. Lavender if you wish to discuss this matter further.

     Sincerely,

     Caroline C. Plater

CCP:ccp

**EXHIBIT E**

**From:** Plater, Caroline C. [mailto:CPlater@KelleyDrye.com]
**Sent:** Tuesday, February 12, 2008 3:19 PM
**To:** Becki Ashbaugh
**Cc:** Lavender Timothy R.
**Subject:** FW: New E-Case Info: OptionMonster v. Delicious Monster

Ms. Ashbaugh, Enclosed please find the file stamped copies of the complaint and related documents filed today.
Regards, Carrie Plater

Pursuant to Treasury Regulations, any U.S. federal tax advice contained in thi
stated, is not intended and cannot be used for the purpose of avoiding tax-rel

The information contained in this E-mail message is privileged, confidential,
please be aware that any other use, printing, copying, disclosure or dissemina
subject to legal restriction or sanction. If you think that you have received
error, please reply to the sender.

This E-mail message and any attachments have been scanned for viruses and are
other defect that might affect any computer system into which it is received a
responsibility of the recipient to ensure that it is virus free and no respons
Drye & Warren LLP for any loss or damage arising in any way from its use.

3/13/2008