# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| OPTIONMONSTER HOLDINGS, INC., ) Plaintiff ) ) v. ) ) ) DELICIOUS MONSTER, LLC, ) Defendant. ) ) ) | Case No. 1:08-cv-00894 Honorable Ronald A. Guzman |

## REPLY DECLARATION OF REBECCA S. ASHBAUGH

I, Rebecca S. Ashbaugh, hereby make the following declaration:

1.      I make this declaration in support of defendant Delicious Monster, LLC's ("Delicious Monster") Reply in Support of Motion for Order of Dismissal. I am of legal age and am competent to testify to the matters contained herein. If called to do so, I would testify as to their truthfulness. I have personal knowledge of the facts contained in this declaration.

2.      I am an attorney with the law firm of Stanislaw Ashbaugh, Delicious Monster's co-counsel in this matter. I am licensed to practice law in the State of Washington.

3.      A true and correct copy of Tim Lavender's Wednesday, February 6, 2008 e-mail to me, as well as my response, is attached as Exhibit A. This is the same e-mail attached as Exhibit B to the Declaration of Caroline C. Plater. I did not receive this e-mail until after I spoke to Mr. Lavender by telephone on February 6.

…

…

4.      I clearly explained to Mr. Lavender on the telephone on February 6, 2008 and again in Exhibit A that:

- Delicious Monster wanted to resolve the issues between the parties without the need for litigation; and

- Delicious Monster was willing to provide OptionMonster with information, but as part of actively working in good faith toward settling the claims OptionMonster needed to do more than simply request information. It also needed to provide a substantive response to my letter.

5.      At no time did Mr. Lavender indicate that he thought my position was unreasonable. The February 6 telephone call lasted for ten to fifteen minutes. The conversation was very amicable and friendly, and I was left with the impression that the parties would work together to facilitate a resolution. I made it clear to Mr. Lavender that Delicious Monster wanted to discuss the issues to figure out where both parties stood, and that I would review the forthcoming letter from Mr. Lavender's firm, after which we would speak again. At that point, it was definitely understood that the next step would be for OptionMonster to respond to my initial letter, and the parties would go from there.

6.      I never said in the February 6 telephone conversation I had with Mr. Lavender that "Delicious Monster was unwilling to compromise or even consider a compromise." In fact, during that call I was trying to initiate an active settlement dialogue, but no specific settlement terms were even discussed.

7.      The first time I ever heard of a "co-existence agreement" in this case was from Stanislaw Ashbaugh attorney Mark Rosencrantz. He reported that Ms. Plater proposed it in a telephone call he had with her. However, that call took place after both lawsuits had already been filed.

8.    A true and correct copy of my February 1, 2008 letter to Mr. Lavender is attached as Exhibit B. This is the same e-mail attached as Exhibit A to the Declaration of Caroline C. Plater.

9.    Ms. Plater's February 7, 2008 letter was what I expected to receive following my February 6 conversation with Mr. Lavender. The letter contained substantive information that appeared to be designed to further settlement discussions, and also requested that I provide various documents. I reviewed the letter on February 8, 2008, and I began the process of gathering the information Ms. Plater requested.

10.   As of February 8, I believed that the parties were both committed to trying to settle this case without the need for litigation.

11.   During my February 6 telephone call with Mr. Lavender, I not only provided Mr. Lavender with additional information, but also committed to reviewing the follow-up letter Mr. Lavender told me would be forthcoming (which turned out to be Ms. Plater's February 7 letter).

12.   On Friday, February 8, 2008, I reviewed Ms. Plater's letter, but before I had a chance to finish assembling the information, much less formally respond to Ms. Plater's letter or return her call, OptionMonster filed this lawsuit on the morning of Tuesday, February 12.

13.   After receiving OptionMonster's complaint, it became clear that Ms. Plater's letter was nothing more than a ruse to buy time to prepare and file the complaint in this case. Accordingly, given OptionMonster's bad faith, at that point I stopped gathering the materials Ms. Plater asked for, and shifted my attention toward drafting and filing Delicious Monster's lawsuit in the Western District of Washington.

14.    A true and correct copy of my February 26, 2008 e-mail to Ms. Plater is attached as Exhibit C.  This is the same e-mail attached as Exhibit F to the Declaration of Caroline C. Plater.

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: April __21__, 2008

Rebecca S. Ashbaugh

**INDEX TO EXHIBITS**

Exhibit A:    Wednesday, February 6, 2008 e-mail from Tim Lavender to Rebecca Ashbaugh, and Ms. Ashbaugh's response.

Exhibit B:    February 1, 2008 letter from Ms. Ashbaugh to Mr. Lavender.

Exhibit C:    February 26, 2008 e-mail from Ms. Ashbaugh to Caroline Plater.

**EXHIBIT A**

**From:** Becki Ashbaugh
**Sent:** Wednesday, February 06, 2008 3:57 PM
**To:** 'Tim Lavender'
**Subject:** RE: Calls

Mr. Lavender:

I'm assuming your email was sent before our conversation of today's date. During our conversation, you indicated that you will be sending me a letter tomorrow in response to my initial letter regarding optionMonster's trademark and copyright infringement. I would hope that your letter does not simply request information from my client but rather responds to my letter and provides the requested written confirmation or sets forth the grounds, if any, on which optionMonster is defending its infringement.

As you stated on the phone, optionMonster is planning on expanding its products and services in the near future to include downloads and obviously the channels of commerce delivering our clients' goods and services are identical. During our conversation you stated that your client's logo was based on the green, one-eyed monster from the Pixar movies Monsters, Inc. The optionMonster logo looks nothing like that creature. Rather, by comparing our clients' logos, it is obvious optionMonster's creature is a copy of my client's.

My client is very invested in its creature as it has spent substantial time and money developing this logo. Delicious Monster is a very famous company in the software and Internet community and uses the creature logo to identify its services and products. The logo is very important to my client and it is committed to defending and protecting its rights. I look forward to your response and hope to resolve these issues as soon as possible. If you would like to discuss any of these issues further, please give me a call.

Sincerely,
Becki Ashbaugh

REBECCA S. ASHBAUGH | LAWYER

COLUMBIA CENTER | 701 FIFTH AVE | SUITE 4400 | SEATTLE, WA 98104
T. 206.386.5900 | F. 206.344.7400

WWW.LAWASRESULTS.COM

CONFIDENTIALITY: If you have received this email in error please reply to me and delete your copy immediately as this email may contain attorney-client privileged and/or confidential information which should not be reproduced or distributed in any way.

NOTE: This communication is not intended or written by Stanislaw Ashbaugh LLP to be used, and it may not be used by you or any other person or entity, for the purpose of (1) avoiding any penalties that may be imposed on you or any other person or entity under the United States Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein. This notice is issued pursuant to Treasury Department Circular 230.

3/13/2008

**EXHIBIT B**

COLUMBIA CENTER | 701 FIFTH AVE. | SUITE 4400 | SEATTLE, WA 98104
T. 206.386.5900 | F. 206.344.7400 | WWW.LAWASRESULTS.COM

REBECCA S. ASHBAUGH
BASHBAUGH@LAWASRESULTS.COM

## Stanislaw Ashbaugh
LAW AS RESULTS

February 1, 2008

**VIA EMAIL AND FIRST CLASS MAIL**

Timothy R. Lavender
OPTIONMONSTER HOLDINGS, INC.
OPTIONMONSTER MEDIA, LLC
175 W Jackson Blvd, Suite 200
Chicago, IL 60604

RE:    OptionMonster's Trademark and Copyright Infringement

Dear Mr. Lavender:

This firm represents Delicious Monster Software, LLC ("Delicious Monster").  I am writing in regard to the creature logo that appears on optionMONSTER's website, which is a clear copy of my client's creature logo.  Delicious Monster demands that you immediately stop using the creature logo on your website and all other corporate materials.

Delicious Monster's creature logo was custom created in 2004 specifically for Delicious Monster by Christopher Masciocchi, a famous graphic artist. Since 2004, Delicious Monster has been continuously using this logo to identify its products and services.  The creature logo is protected under copyright and trademark laws.  My client's logo can be viewed at www.delicious-monster.com.

OptionMONSTER is presently and has been infringing my client's legal rights to its logo.  The creature used by optionMONSTER is likely to cause confusion among consumers and the image is nearly identical to that of Delicious Monster's fanciful logo.  Making minor changes or additions of little substance to a pre-existing work does not qualify the work as a new creation.

On behalf of Delicious Monster, I demand that you immediately remove the offending mark from your website and all corporate materials and cease using it to represent your company in any way.  Please send me written confirmation that:

   (1) You have removed the creature logo from your website;
   (2) You have stopped using the creature logo, or any derivative thereof, in association with any of your goods or services; and
   (3) You will not at any time in the future use the creature logo, or any derivative thereof, in association with any of your goods or services.

We believe in law as it should be... RESULTS

Timothy R. Lavender
February 1, 2008
Page 2

We look forward to resolving this dispute amicably and without resort to further legal action. However, if I have not received your written confirmation by February 6, 2008, Delicious Monster may be forced to file a lawsuit against you for copyright and trademark infringement and ask for its damages. I look forward to your timely response.

Sincerely,

Rebecca S. Ashbaugh

**EXHIBIT C**

| From: | Becki Ashbaugh |
|---|---|
| Sent: | Tuesday, February 26, 2008 12:29 PM |
| To: | 'Plater, Caroline C.' |
| Subject: | RE: OptionMonster/Delicious Monster - fed. ct. mediation program notice |

Ms. Plater,

Thank you for your e-mail. I will pass it on to my client.

To be sure the record is clear, Delicious Monster has not been properly served with the summons and complaint in this matter. I am not authorized to accept service on Delicious Monster's behalf, and as such have not signed an acceptance of service form. Similarly, Delicious Monster has not been personally served. While we will be representing Delicious Monster, and I do appreciate you providing me with courtesy copies of the materials, you still need to effectuate service.

Additionally, contrary to your prior assertion, you did not reach out to me in an effort to resolve this matter. Rather, you sent me a letter in response to my cease and desist letter to Mr. Lavender in which you disputed and denied that OptionMonster was committing copyright and trademark infringement, you stated that OptionMonster's investigation with respect to Delicious Monster's infringement claims was continuing, and you requested additional information from Delicious Monster that you alleged was necessary to evaluate the claims. Then, without waiting for my reply or any additional information, OptionMonster filed a complaint for declaratory judgment in Illinois.

Sincerely,
Becki Ashbaugh

---

**From:** Plater, Caroline C. [mailto:CPlater@KelleyDrye.com]
**Sent:** Monday, February 25, 2008 1:51 PM
**To:** Becki Ashbaugh
**Subject:** OptionMonste/Delicious Monster - fed. ct. mediation program notice

Ms. Ashbaugh, I am enclosing the notice I recently received from the court regarding participation in the voluntary Lanham Act mediation program with regard to the above-referenced pending action. Though your firm does not have an appearance on file at this time, from your prior involvement in these issues, I am assuming that you are acting as counsel in this mater and thus am obligated to provide you with this information. In turn, you should provide the same to your client. If I am in error in sending this to you, please let me know to whom I should direct it.
Thanks, Carrie Plater

Pursuant to Treasury Regulations, any U.S. federal tax advice contained in thi
stated, is not intended and cannot be used for the purpose of avoiding tax-rel

The information contained in this E-mail message is privileged, confidential,
please be aware that any other use, printing, copying, disclosure or dissemina
subject to legal restriction or sanction. If you think that you have received
error, please reply to the sender.

This E-mail message and any attachments have been scanned for viruses and are

other defect that might affect any computer system into which it is received a
responsibility of the recipient to ensure that it is virus free and no respons
Drye & Warren LLP for any loss or damage arising in any way from its use.