IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OPTIONMONSTER HOLDINGS, INC., Plaintiff | ) ) ) ) | |
| v. | ) ) ) | Case No. 1:08-cv-00894 |
| DELICIOUS MONSTER, LLC, Defendant. | ) ) ) ) ) | Honorable Ronald A. Guzman |

**DECLARATION OF ANA M. POPP**

I, Ana M. Popp, hereby make the following declaration:

1. I make this declaration in support of defendant Delicious Monster, LLC's ("Delicious Monster") Reply in Support of Motion for Order of Dismissal. I am of legal age and am competent to testify to the matters contained herein. If called to do so, I would testify as to their truthfulness. I have personal knowledge of the facts contained in this declaration.

2. I am an attorney with the law firm of Stanislaw Ashbaugh, Delicious Monster's co-counsel in this matter. I am licensed to practice law in the State of Washington.

3. I was present in Rebecca S. Ashbaugh's office during her February 6, 2008 telephone conference with OptionMonster counsel Tim Lavender. During that call Ms. Ashbaugh clearly articulated to Mr. Lavender that:

- Delicious Monster wanted to resolve the issues between the parties without the need for litigation; and

- Delicious Monster was willing to provide OptionMonster with information, but as part of actively working in good faith toward settling

the claims OptionMonster needed to do more than simply request information. It also needed to provide a substantive response to my letter.

4. At no time did Mr. Lavender indicate that he thought Ms. Ashbaugh's position was unreasonable. The February 6 telephone call lasted for ten to fifteen minutes. The conversation was very amicable and friendly, and I was left with the impression that the parties would work together to facilitate a resolution. It was made clear to Mr. Lavender that Delicious Monster wanted to discuss the issues to figure out where both parties stood, and that Ms. Ashbaugh would review the forthcoming letter from Mr. Lavender's firm, after which the parties would speak again. At that point, it was definitely understood that the next step would be for OptionMonster to respond to Ms. Ashbaugh's initial letter, and the parties would go from there.

5. Neither I nor Ms. Ashbaugh ever said in the February 6 telephone conversation with Mr. Lavender that "Delicious Monster was unwilling to compromise or even consider a compromise." In fact, during that call Ms. Ashbaugh was trying to initiate an active settlement dialogue, but no specific settlement terms were discussed.

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: April 22nd, 2008

Ana M. Popp