IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OPTIONMONSTER HOLDINGS, INC., | |
| Plaintiff, | No. 08 cv 894 |
| v. | Honorable Ronald A. Guzman |
| DELICIOUS MONSTER, LLC, | |
| Defendant. | |

## AGREED MOTION TO STAY DISCOVERY PENDING RULING ON DEFENDANT'S MOTION TO DISMISS

Plaintiff, OptionMonster Holdings, Inc. ("OptionMonster") and Defendant, Delicious Monster, LLC ("Delicious Monster"), respectfully move for a stay of discovery pending this Court's decision on Defendant's Motion For An Order Of Dismissal ("Motion to Dismiss") (Docket No. 13). In support thereof, the parties state as follows:

1. On February 12, 2008, OptionMonster filed its Complaint against Delicious Monster in the Northern District of Illinois requesting declaratory relief ("Illinois Action") (Docket No. 1).

2. On February 22, 2008, Delicious Monster filed a Complaint against OptionMonster in the Western District of Washington, Case No. C08-0324 MJP, alleging copyright and trademark infringement and unfair competition ("Washington Action").

3. On March 14, 2008, Defendant filed its Motion to Dismiss the Illinois Action with this Court. This motion is fully briefed, the final brief having been filed on April 22, 2008.

  4. On April 11, 2008, the Court set a discovery schedule in this matter (Docket No. 19).

  5. Later on April 11, 2008, OptionMonster was served with Delicious Monster's Complaint in the Washington Action. OptionMonster's responsive pleading in the Washington Action is due on or before May 1, 2008.

  6. In order to avoid incurring unnecessary and/or duplicative costs in both jurisdictions, the parties have agreed that the most prudent course of action is to request stays of the proceedings in both jurisdictions while the Motion to Dismiss is pending ruling. Accordingly, contemporaneous with the filing of the current agreed motion, the parties will be filing a Stipulation and Order to Stay Proceedings in the Washington Action.

  7. It is within the District Court's inherent power and discretion to stay discovery in an action pending the resolution of a motion to dismiss. *See e.g., Johnson v. Indopco, Inc,* 846 F. Supp. 670, 675 (N.D. Ill. 1994) (stay of discovery granted while motion to dismiss was pending); *Lantz v. American Honda Motor Company Inc.*, No. 06 C 5932, 2007 WL 1424614, at *3 (N.D. Ill. May 14, 2007) (stay of discovery granted pending resolution of defendant's motion to dismiss plaintiff's complaint). Trial courts have "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003).

  8. Here, the parties are not even at issue in this Court regarding the substantive matters in this litigation.[1] Consequently, any discovery requests made would be speculative and potentially unnecessarily costly, if not useless. *See Douglas v. Potter,* No. 05-

---

[1] Defendant's Motion to Dismiss is based on the premise that Plaintiff filed an improper Declaratory Judgment Action in this jurisdiction; it does not address the merits or defenses in this case. Defendant has not filed an answer or counterclaim in this jurisdiction.

578, 2006 U.S. Dist. LEXIS 18063 (S.D. Ill. Apr. 7, 2006) (discovery cannot be conducted efficiently until basic questions are answered as to who or what is being sued and whether jurisdiction over defendants attaches). Given the current posture of this case and the pending Washington Action, undertaking any discovery at this juncture in compliance with the rules and procedures of this jurisdiction would be a wasteful use of the parties' respective resources.

9. Nonetheless, the parties are prepared to proceed in either jurisdiction upon the ruling on the Motion to Dismiss, and thus, no undue delay or prejudice should result if a short stay of discovery and concomitant extension of discovery deadlines is granted should this case remain before this Court.

10. In addition, the parties are currently engaged in settlement discussions and intend to use their time and resources during the proposed stays in both jurisdictions to further explore settlement options. Therefore, the time of the stay will be put to good use towards resolution of both cases.

WHEREFORE, for the foregoing reasons, the parties respectfully request that the Court enter a brief stay of discovery and concomitant extension of discovery deadlines, extending all current deadlines according to the length of the stay, should this case remain before this Court.

Dated: April 25, 2008

| | |
|---|---|
| /s/ Caroline C. Plater | /s/ Mark Rosencrantz |
| One of the Attorneys for Plaintiff, OPTIONMONSTER HOLDINGS, INC. | One of the Attorneys for Defendant, DELICIOUS MONSTER, LLC |
| Timothy R. Lavender<br>Caroline C. Plater<br>Matthew C. Luzadder<br>KELLEY DRYE & WARREN LLP<br>333 West Wacker Drive<br>Suite 2600<br>Chicago, IL 60606<br>(312) 857-7070 | Mark Rosencrantz<br>(admitted *pro hac vice*)<br>STANISLAW ASHBAUGH<br>Columbia Center<br>701 Fifth Avenue<br>Suite 4400<br>Seattle, WA 98104<br>(206) 386-5900<br><br>Steven L. Katz<br>Erin M. Gaeke<br>Masuda, Funai, Eifert & Mitchell Ltd.<br>203 N. LaSalle Street<br>Suite 2500<br>Chicago, IL 60601 |